Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Ann T. Wick
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>ROBERT WAYNE HUTTON,<br><br>　　　　　　　　Defendant. | Case No.: 2:22-CR-0158-MKD<br><br>United States' Sentencing Memorandum |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Ann T. Wick, Assistant United States Attorney for the Eastern District of Washington, submits this memorandum setting forth the government's position at sentencing. The government recommends that the Court sentence Defendant to a term of imprisonment of 336 months (28 years), followed by a life term of supervised release, in the above-captioned case. The government further requests orders of restitution for two victims.

United States' Sentencing Memorandum – 1

# INTRODUCTION

A convicted sex offender, Defendant exploited a 15-year-old girl, secretly filming her for months in various stages of undress in her bathroom. He saved the recordings he captured, in the form of videos and still images, and named a "sex" folder for the victim on his phone. On his computer, law enforcement agents found over 1,200 images and several videos of child pornography of other minor victims. Since at least 2012, until his arrest in 2022, Defendant had been online trading child pornography with similarly minded offenders.

Even though Defendant's 2009 conviction for Communication with a Minor for Immoral Purposes involved Defendant pressuring a 14-year old girl to engage in sex, efforts at grooming her for sex, and touching that the victim reported to police as a sexual assault, the state statute of conviction is not worded in a fashion likely to pass the "related to" test of 18 U.S.C. § 2251(e) and trigger a mandatory minimum sentence of 25 years. Nevertheless, it is notable that Congress *intended* for individuals, such as Defendant, who have been found guilty of exploiting a minor in violation of 18 U.S.C. § 2251, to be sentenced to a minimum 25 years if they previously committed offenses relating to sex abuse and abusive sexual contact involving a minor, *inter alia*. Thus, while not mandatory that the Court sentence Defendant to at least 25 years in prison, § 2251(e) is persuasive authority for the reasonableness of such a sentence based on Defendant's present offenses and

United States' Sentencing Memorandum – 2

criminal history. More importantly, the United States submits, application of the sentencing factors of 18 U.S.C. § 3553(a) suggest that a sentence of more than 25 years is necessary to meet the goals of sentencing. Consequently, the United States recommends a prison sentence of 336 months, followed by a life term of supervised release.

Neither party filed objections to the initial Presentence Investigation Report (hereinafter "PSR"). ECF No. 94.

## LEGAL ANALYSIS

The Ninth Circuit has set forth a basic framework which the district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1) Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2) Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties. Courts may not presume that the guidelines range is reasonable. Nor should the guidelines factors be given more or less weight than any other. They are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

(3) If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

(4) Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

United States' Sentencing Memorandum – 3

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

**SENTENCING CALCULATION AND IMPOSITION OF SENTENCE**

    **I.**    **United States Sentencing Guidelines Calculation**

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

    A.    Offense Level Calculation

The PSR calculated Defendant's total offense level as 40. PSR ¶ 55. The PSR based this calculation on the grouping of Defendant's two counts of conviction, although the counts normally would not group. *See* USSG §3D1.2(d)[1] (exempting from grouping under sub-section (d) offenses covered by §2G2.1). The PSR

---

[1] USSG §3D1.2 provides:
All counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule:
    (a) When counts involve the same victim and the same act or transaction.
    (b) When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.
    (c) When one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.
    (d) When the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.

United States' Sentencing Memorandum – 4

reasoned that the calculation for Count 2 (Possession of Child Pornography) includes a pattern-of-activity specific offense characteristic for Defendant's repeated production and/or attempted production of child pornography depicting Minor 1. PSR ¶¶ 40, 45. There is no contention that the counts would otherwise group under other subsections of §3D1.2.

The PSR's grouping analysis results in the highest offense level being attributed to Count 2, which includes a three-point reduction for acceptance of responsibility based on Defendant's guilty plea to Count 2, notwithstanding trial on Count 1. PSR ¶¶ 40, 54.

The United States did not object to the offense level calculation, because it appears to be a reasonable interpretation of the guidelines on its face, even though the result seems to inadequately account for the separate harms caused Minor 1, as a production victim, and the other victims depicted in Defendant's child pornography collection, as online trafficking victims. Sensitive to the need for the Court to correctly calculate the advisory guideline range, and not comfortably certain that grouping is proper, the United States reached out to the USSC Helpline for additional insight. Consult thus far does not support grouping in this case; however, the Helpline representative is doing additional research to see if clarification is possible. The United States intends to address this further at sentencing as appropriate.

United States' Sentencing Memorandum – 5

### B. Criminal History Calculation

The PSR correctly calculated the defendant's criminal history category as Category I. PSR ¶ 68.

### C. Advisory Guideline Range

Based upon a total offense level of 40 and a criminal history category of I, the advisory guideline imprisonment range is 292-365 months. PSR ¶ 96. Because there are two counts of conviction, for which consecutive sentences may be imposed, the 30-year statutory cap of 18 U.S.C. § 2251 does not apply. The United States communicated this correction to United States Probation and understands the final PSR will so reflect.

The Guidelines further recommend a life term of supervised release. USSG § 4B1.5 n.5(A) (recommending the statutory maximum term of supervised release for offenders sentenced under §4B1.5).

## II. Departures

The United States does not recommend a departure from the advisory guideline range.

//

//

//

United States' Sentencing Memorandum – 6

### III.  Imposition of a Sentence under 18 U.S.C. § 3553

    A.  18 U.S.C. § 3553(a) factors

        1.  The nature and circumstances of the offense

The nature and circumstances of Defendant's offense warrants a sentence of 336 months, followed by a life term of supervised release.  Not for the first time, Defendant preyed upon a young teenage girl to fulfill his sexual desires.  This time, he held a position of trust and caretaking role with regard to his victim.  This time, he installed a hidden camera in a place his victim rightfully expected to be a private space and recorded and saved footage of her nude or partially nude on several occasions over a span of several months.  His victim found the footage on Defendant's phone.  His violation of her privacy and trust has caused Minor 1 significant distress, including being unable to return to her family home to reside. PSR ¶¶ 29-34.

    Additionally, for over a decade, Defendant engaged in the online trading of child pornography.  At the time of the search warrant, law enforcement found over 1,200 images and numerous videos of child pornography.  PSR ¶ 20.  The material Defendant traded in and possessed included depictions of minors under the age of 12 years and sadistic and/or masochistic content.  The titles of downloaded files referenced daddy-daughter sexual content, sex acts between an older man and a

United States' Sentencing Memorandum – 7

minor-aged female, victims being drugged, victims suffering pain, and victims as young as 7 years old being anally raped. PSR ¶ 24.

Defendant's crimes warrant a meaningful prison sentence and support the 336 months recommended by the United States.

2. <u>The history and characteristics of the defendant</u>

Defendant's history and characteristics also support a 336-month sentence and life term of supervised release. Defendant is undeniably a repeat sex offender with a sexual interest in minors. He has twice demonstrated that he will act on this sexual interest with minors he knows personally. His prior offense included sending texts of a sexual nature to the 14-year-old daughter of Defendant's friend. ECF No. 48; PSR ¶¶ 60-66. The texts read as an attempt to have sex with the minor victim, and she told police that Defendant had sexually assaulted her two to three weeks prior. *Id*. After his 2009 conviction, Defendant went on to engage in online trading of child pornography for years, eventually setting up the hidden camera and using it to record Minor 1.

Although Defendant seems to have suffered from a neglectful childhood, nothing about that childhood seems to have contributed to Defendant's sexual interest in minors or the crimes he committed in furtherance of that sexual interest. He was and is fortunate for the support of his uncle and grandmother, both of whom seem to have been positive influences in his life, even while not condoning his

United States' Sentencing Memorandum – 8

crimes. He does not suffer a mental illness or disability, or a drug or alcohol addiction. He graduated high school and had a "very steady history of employment" as a machinist prior to his arrest in this case. PSR ¶ 88. In other words, there is not a circumstance that contributed to Defendant's commission of his crimes that can somehow be addressed and thereby make Defendant less of a danger going forward.

    3. <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.</u>

  Crimes involving the sexual exploitation of a minor child are among the most serious and reprehensible crimes that can be committed. The National Center for Missing and Exploited Children identified 11 Series within Defendant's child pornography collection of over 1,200 files. Although that leaves many of Defendant's victim unidentified, Defendant victimized each and every victim depicted in the images and videos he possessed, including Minor 1. The kind of harm Defendant inflicted on Minor 1 is notably different than the kind of harm he inflicted on his collection victims. A sentence of 336 months, followed by a life term of supervised release, recognizes this, promotes respect for the law, and is just punishment.

    4. <u>The need for the sentence imposed to afford adequate deterrence and to protect the public.</u>

  A prison sentence of 336 months and a life term of supervised release protects the public and serves the goal of general and specific deterrence. The public is

United States' Sentencing Memorandum – 9

protected from Defendant's crimes while he is serving a custodial sentence and hopefully beyond, if he is successfully deterred from criminal activity by his sentence and takes advantage of rehabilitative programs and tools offered while in custody and upon release. Such a sentence also puts other offenders on notice of the strict consequences that flow from victimizing our youth.

5. The kinds of sentences available

The Court may sentence Defendant to a term of prison of no less than 15 years and no more than 50 years, followed by a term of supervised release of not less than five years, up to life.

Additionally, the Court may impose a fine of up to $250,000 and impose special assessments, including an assessment of up to $50,000 pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA), and a $5,000 assessment pursuant to the Justice for Victims of Trafficking Act of 2015.

6. The established sentencing range

Based upon a total offense level of 40 and a criminal history category of I, the advisory guideline imprisonment range is 292-365 months. PSR ¶ 96. The advisory term of supervised release is life. USSG §4B1.5 n.5(A).

7. The need to avoid unwarranted sentence disparities

The government's within-guidelines recommended sentence does not reflect a sentencing disparity.

United States' Sentencing Memorandum – 10

8. <u>The need to provide restitution to any victims of the offense</u>

The National Center for Missing and Exploited Children identified 11 Series of child pornography within Defendant's collection. Of those victims, only two have requested restitution: the AprilBlonde victim, in the amount of "no less than $5,000," and the Marineland1 victim.

Defendant has agreed to a restitution order of $25,000 for Minor 1, and the United States requests the Court enter such an order. In light of that agreed restitution to a production victim, the Marineland1 victim has withdrawn her restitution request in this case.

Statute requires restitution in an amount of not less than $3,000 for the April Blonde Series victim. Defendant was in possession of one image of that Series; the victim is requesting "at least $5,000" in restitution.

B. <u>Application of the Guidelines in Imposing a Sentence under 18 U.S.C. § 3553(b)</u>

The guidelines, formerly mandatory, now serve as one factor among several that courts must consider in determining an appropriate sentence. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). It remains, however, that "the Commission fills an important institutional role: It has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise." *Id.* at 108-09 (internal quotation marks omitted).

United States' Sentencing Memorandum – 11

Thus, "the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

The United States' recommended sentence of 336 months is within the advisory guideline range set forth in the PSR.

## IV.  $5,000 Special Assessment of the JVTA

The United States does not seek the imposition of a $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act (JVTA).

## V.  $50,000 Special Assessment of the AVAA

The United States does not seek the imposition of an assessment pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA).  As the Court is aware, the United States routinely requests an AVAA assessment in child exploitation cases.  However, the fact that Defendant has agreed to a $25,000 order of restitution, which the Court will presumably Order, in addition to an at-least-$3,000 order of restitution for the AprilBlonde Series victim, is a § 3572 factor weighing against imposition of an AVAA assessment.  18 U.S.C. § 3572(a)(4).

## CONCLUSION

Application of 18 U.S.C. § 3553 supports a sentence of 336 months, followed by a life term of supervised release for Defendant's commission of the crimes of

United States' Sentencing Memorandum – 12

production and attempted production of child pornography and possession of child pornography. The government submits that such a sentence is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted: March 12, 2024.

                                      Vanessa R. Waldref
                                      United States Attorney

                                      *s/ Ann T. Wick*
                                      Ann T. Wick
                                      Assistant United States Attorney

United States' Sentencing Memorandum – 13

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defense counsel of record.

<u>s/ Ann T. Wick</u>
Ann T. Wick
Assistant United States Attorney

United States' Sentencing Memorandum – 14